UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| JONATHAN REINSCHMIDT, M.D., | **REPORT AND RECOMMENDATION** |
| Plaintiff, | 13-CV-01153(A)(M) |
| v. | |
| EXIGENCE LLC (Del.); et al., | |
| Defendants. | |

_____

      This action has been referred to me by Hon. Richard J. Arcara for supervision of all pretrial proceedings [11].[1]  Presently pending are two motions to dismiss or strike portions of the Complaint [7, 8], as well as plaintiff's motion for an extension of time to reply to those motions and to exceed the page limit for response [9].  For the following reasons, I recommend that this action be dismissed for lack of subject matter jurisdiction, and that the pending motions accordingly be denied as moot.

## BACKGROUND

      Plaintiff commenced this action on November 25, 2013, seeking various forms of relief against defendants for alleged fraud, conversion, negligent misrepresentation, breach of fiduciary duty, breach of contract, unjust enrichment and equitable estoppel.  Complaint [1].  Defendants have moved pursuant to Fed. R. Civ. P. ("Rule") 12(b)(6) and 12(f) to dismiss or strike portions of the Complaint [7, 8].

---

[1]     Bracketed references are to the CM/ECF docket entries.

After reviewing the Complaint, I had concerns as to whether subject matter jurisdiction exists.  Although the issue was not raised by defendants, "[c]ourts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." Hertz Corp. v. Friend, 130 S.Ct 1181, 1193 (2010).  Accordingly, by Order to Show Cause ("OSC") dated March 18, 2014 [14], I expressed those concerns and invited the parties' response. While defendants did not respond to the OSC, plaintiff's response [15] has not convinced me that subject matter jurisdiction exists.

## ANALYSIS

"[A] plaintiff premising federal jurisdiction on diversity of citizenship is required to include in its complaint adequate allegations to show that the district court has subject matter jurisdiction". Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont, 565 F.3d 56, 64 (2d Cir. 2009).  Paragraph 47 of the Complaint alleges that "[t]he Court has jurisdiction over this dispute pursuant to 28 U.S.C. §1332(a)(1). The Plaintiff is a Citizen of the State of Tennessee, and none of the Defendants are residents of the State of Tennessee.  The matter in controversy exceeds the sum or value of $75,000, exclusive of interest or costs".

However, several of the named defendants are either partnerships, limited partnerships, or limited liability companies which, as plaintiff admits (plaintiff's Memorandum of Law [15-1], p. 9), are deemed to have the citizenship of *each* of their partners or members. Therefore, in order to avoid dismissal, plaintiff must specifically allege the citizenship of each of the defendants' partners or members, which he has failed to do.  See Manning v. WPX Energy Appalachia, LLC, 2012 WL 1205851, *2 (M.D.Pa. 2012) ("the citizenship of an LLC is

determined by the citizenship of its members . . . . Here, the Complaint fails to allege facts regarding the citizenship of the members of . . . [the] LLC. As such, the Court cannot determine that diversity jurisdiction applies to this entity. As Plaintiffs have not shown that complete diversity of citizenship exists between the parties, the Court cannot determine that subject matter jurisdiction exists").

Recognizing the deficiency in his Complaint, plaintiff now requests leave to take jurisdictional discovery in order to establish that none of the defendants' members, partners or limited partners are citizens of Tennessee. *See* plaintiff's Response [15], ¶¶26, 28. However, plaintiff alleges that he *himself* is "a general partner and member in many of these entities" (Complaint [1], ¶2), and he specifically and unequivocally repeats that allegation throughout the Complaint (*see*, *e.g.*, ¶¶83, 84, 87, 125, 129, 130, 131, 235, 243, 244, 250, 251, 254, 255, 256, 258, 263, 264, 265, 266, and 268). Moreover, several of his claims seek to enforce his rights, as partner or member, to inspect the defendants' books and records (*see*, *e.g.* Counts Nineteen, Twenty-One and Twenty-Two). Therefore, his citizenship counts as theirs, meaning that complete diversity does not exist.

In an attempt to avoid dismissal, plaintiff asks me to apply 28 U.S.C. §1653 or, in the alternative, Rule 21. Plaintiff's Memorandum of Law [15-1], pp.10-14. I will address each request separately.

**A.     28 U.S.C. §1653**

28 U.S.C. §1653 provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts". However, §1653 "addresses only incorrect

statements about jurisdiction that actually exists, and not defects in the jurisdictional facts themselves". Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 831 (1989).

Plaintiff argues that amendment should be allowed "[u]nless the record clearly indicates that the complaint could not be saved by any truthful amendment" (plaintiff's Memorandum of Law [15-1], p.10), and suggests that "even Plaintiff's own statement . . . claiming existing ownership in certain Defendants may be amended, if truthful". Plaintiff's Response [15], ¶19(c). I disagree. The Complaint specifically and repeatedly alleged that plaintiff was at that time a partner or member in various defendants, and even sought relief (such as inspection of books and records) which *depended* on that status.

Those allegations, which were made subject to the requirements of Rule 11, may not now be disavowed merely because plaintiff deems it advantageous to do so. "[A] litigant may not play fast and loose with the courts by freely taking inconsistent positions in a lawsuit and simply ignoring the effect of a prior filed document." In re Salomon Inc. Shareholders' Derivative Litigation, 1994 WL 533595, *11 (S.D.N.Y. 1994).

**B.      Rule 21**

Rule 21 allows the court "on just terms, [to] add or drop a party". Plaintiff argues that "[d]ispensable [non-diverse] parties . . . may be dropped to maintain diversity at any time". Plaintiff's Memorandum of Law [15-1], p.13. Since the word "maintain" means "to keep in an existing state" (Bristol Company Ltd. Partnership v. Bosch Rexroth Inc., 684 F.Supp.2d 1245, 1270 (D.Colo. 2010)),  I question how a court can invoke Rule 21 to "maintain" diversity jurisdiction which "does not exist". See Owen Equipment & Erection Co. v. Kroger, 437 U.S.

365, 373 (1978) ("diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff") (emphasis in original); Newman-Green, 490 U.S. at 831 ("[in] the instant situation . . . diversity jurisdiction does not, in fact, exist").

Alternatively, plaintiff suggests that a court "may dismiss certain nondiverse parties in order to create complete diversity jurisdiction". Plaintiff's Memorandum of Law [15-1], p. 13 (emphasis added). However, "[a] federal court is powerless to create its own jurisdiction". Whitmore v. Arkansas, 495 U.S. 149, 155-56 (1990). "To use [a Rule] to establish jurisdiction would be to bootstrap jurisdiction into existence; it is axiomatic that the Federal Rules of Civil Procedure do not create or withdraw federal jurisdiction." Chao v. Russell P. Le Frois Builder, Inc., 291 F.3d 219, 229 (2d Cir. 2002).

I fail to see how I can apply Rule 21 in this case without ignoring Rule 82 ("[t]hese rules do not extend . . . the jurisdiction of the district courts") and violating Rule 12(h)(3). The latter Rule, which is not mentioned (much less discussed) in any of the cases suggesting that courts may apply Rule 21 where subject matter jurisdiction is lacking, clearly dictates what must occur in that event: "[Rule] 12(h)(3) provides that '[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action.'" Cave v. East Meadow Union Free School District, 514 F.3d 240, 250 (2d Cir. 2008) (emphasis in original). Because "must" means must, "Rule 12 dismissals for lack of jurisdiction are non-discretionary". International Video Corp. v. Ampex Corp., 484 F.2d 634, 636 (9th Cir. 1973). "[F]ederal courts have no more discretion to disregard [a] Rule's mandate than they do to disregard constitutional

or statutory provisions". Bank of Nova Scotia v. United States, 487 U.S. 250, 255 (1988); United States v. Magassouba, 544 F.3d 387, 411 (2d Cir. 2008).

However, in Nolan v. Olean General Hospital, 2013 WL 3475475, *1 (W.D.N.Y. 2013), Judge Arcara "note[d], without ruling, that dismissal of the non-diverse defendants pursuant to [Rule] 21 may properly relate back to the filing of the complaint under [Rule] 15(c) and cure the defect in subject matter jurisdiction as of the time of filing of the complaint". If, upon reviewing my recommendation, Judge Arcara decides that this court has the authority to apply Rule 21 in this case, the question remains whether it should do so. "The fact that a motion under Rule 21 may be brought . . . does not mean that the court is required to grant it; the issue is left to the sound discretion of the trial court". 4 Moore's Federal Practice, §21.02[3] (Matthew Bender 3d ed.).

"In exercising its discretion under Rule 21, the court must consider principles of fundamental fairness and judicial efficiency." In re Merrill Lynch & Co., Inc. Research Reports Securities Litigation, 214 F.R.D. 152, 155 (S.D.N.Y. 2003). In my view, fundamental fairness does not obligate this court to intervene (assuming it can) in order to rescue plaintiff from the consequences of his deliberate decision to name non-diverse defendants. "[T]he plaintiff is the master of the complaint and has the option of naming . . . those parties the plaintiff chooses to sue." Lincoln Property Co. v. Roche, 546 U.S. 81, 91 (2005).

Furthermore, in the long run judicial efficiency would be better served by holding parties accountable (by dismissal, without prejudice) for their failure to carefully consider jurisdictional facts before commencing litigation. "[C]ases brought in federal courts in which

diversity of citizenship is not properly alleged and/or does not exist are far too common", United Republic Insurance Company, in Receivership v. Chase Manhattan Bank, 315 F.3d 168, 170 (2d Cir. 2003), resulting in "waste of litigants' and courts' resources that could have been avoided". Franceskin v. Credit Suisse, 214 F.3d 253, 256 (2d Cir. 2000).[2]

## CONCLUSION

For these reasons, I recommend that this action be dismissed for lack of subject matter jurisdiction, and that the pending motions [7, 8, 9] be denied as moot, without prejudice to renewal if my recommendation for dismissal is not adopted. Unless otherwise ordered by Judge Arcara, any objections to this Report and Recommendation must be filed with the clerk of this court by May 8, 2014 (applying the time frames set forth in Rules 6(a)(1)(C), 6(d), and 72(b)(2)). Any requests for extension of this deadline must be made to Judge Arcara. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the

---

[2] In United Republic Insurance, the court was influenced by the fact that a judgment had already been entered by the time the jurisdictional problem was discovered. "We note that the nature of the jurisdictional inquiry is affected by the fact that a final judgment issued in the district court. Once a district court has proceeded to final judgment, considerations of finality, efficiency, and economy become overwhelming . . . and federal courts must salvage jurisdiction where possible". 315 F.3d at 170. Here, by contrast, the case is at an early stage, and no discovery has yet occurred.

magistrate judge in the first instance. <u>Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co.</u>, 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: April 21, 2014

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge